IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM MASTERSON                                                                          PLAINTIFF

VS.                                      3:13-CV-000079-BRW

STARR INDEMNITY & LIABILITY COMPANY                                        DEFENDANT

ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 5). Plaintiff has responded and Defendant has replied.[1] For the reasons stated below, Defendant's Motion is DENIED.

I.   BACKGROUND[2]

In January 2012, Plaintiff applied for a short-term health insurance policy underwritten by Defendant. The application asked Plaintiff to answer seven questions and warned that Defendant would not issue a policy if Plaintiff answered "yes" to any of the questions. Plaintiff answered "no" to all seven questions and Defendant issued a policy effective January 26, 2012 through January 25, 2013. During the policy period, Plaintiff was diagnosed with throat cancer, for which he incurred over $300,000 in medical expenses.

Just before the end of the policy term, Defendant told Plaintiff it was rescinding the policy and returning Plaintiff's premiums because Plaintiff's answer to question five was not true. Question five asked Plaintiff whether, within the five years before he applied, he was aware of, diagnosed with, or treated for or had taken medication for "degenerative disc disease or herniation/bulge." Plaintiff admits that he was treated in 2011 for a back injury he suffered at

---

[1] Doc. Nos. 10, 14.

[2] Unless otherwise noted, the facts from the background section come from Plaintiff's Complaint, Doc. No. 2.

1

work, but denies that it had anything to do with "degenerative disc disease or herniation/bulge."[3] Plaintiff also says that even if his answer to the question about his back was a misrepresentation, it was not material because it is not causally related to his throat cancer. Defendant disagrees and seeks dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.[4] To meet the Rule 8(a) standard and survive a Rule 12(b)(6) motion to dismiss, the factual allegations in the complaint must state a claim to relief that is plausible on its face.[5] In determining whether allegations nudge a claim from conceivable to plausible, I must construe the complaint in the light most favorable to the nonmoving party and assume the facts alleged in it are true.[6]

## III.    DISCUSSION

Defendant argues that I ought to dismiss Plaintiff's complaint because (1) it properly rescinded the policy; (2) Plaintiff has not asserted a breach-of-contract claim; and (3) Plaintiff has not submitted evidence or made specific allegations against Defendant of dishonest, malicious, or oppressive conduct.[7]

---

[3] Doc. No. 2 at 4-5.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[5] *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

[6] *Twombly*, 550 U.S. at 570; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001)

[7] Doc. Nos. 5, 6.

The bulk of Defendant's argument focuses on whether it was allowed to rescind the policy[8] -- that is irrelevant at this stage.[9] The question is, has Plaintiff pled a plausible claim for breach of contract? He has.

Next, Plaintiff alleges Defendant knew it could not rescind the policy, but dawdled for months before trying to rescind it anyway.[10] Accordingly, I find Plaintiff has pled a plausible claim for the tort of bad faith, although this is a tough pole to chin.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss is DENIED.

Plaintiff's "Separate Motion" for Partial Summary Judgment on the Coverage Issue, implanted amidst his Response (Doc. No. 10), is DENIED without prejudice.[11]

IT IS SO ORDERED this 18th day of April, 2013.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[8] *See* Doc. No. 6 at 6-10.

[9] See e.g., *Farm Bureau Mut. Ins. Co. of Arkansas, Inc. v. Foote*, 341 Ark. 105, 113, 14 S.W.3d 512, 517 (2000) ("Whether these actions were fraudulent or the statements were materially false was a question for the jury. This court has recognized that once the insured establishes a prima facie case for recovery under the insurance policies, the burden shifts to the insurer to prove that the damages claimed were not covered under the policy.").

[10] Doc. No. 2.

[11] *See* Local Rule 7.2(e).